LOTTIE E. BISHOP AND JOHN OLIN v. ELIAS AUSTIN.

*Partnership—Conclusiveness of articles.*

While articles of copartnership are *conclusive* upon the parties thereto, the question as to *who* are the *real* partners and owners of the business is open to inquiry in a suit by creditors who have dealt with the defendants as such copartners, they having held themselves out as such.

Error to Clare. (Hart, J.) Argued June 9, 1887. Decided June 23, 1887.

Replevin. Defendant brings error. Reversed. The facts are stated in the opinion.

*W. A. Burritt*, for appellant.

*W. W. Green*, for plaintiffs.

MORSE, J. In 1885 a copartnership in the name and style of Tracy & Doran existed at Harrison, Clare county. The firm consisted of two persons, and was engaged in the retail

grocery business.   They also dealt to some extent in hemlock bark, and late in that summer purchased a quantity of such bark of one Jonas Woodcock.

On the seventh day of November, 1885, Woodcock commenced suit in justice's court, the summons running against "Dennis M. Doran and George Tracy, copartners." The name of the firm does not appear in the proceedings before the justice.   On the twenty-seventh of the same month Woodcock recovered judgment against them for $34.21 and costs of suit.

On the ninth day of November, 1885, Dennis M. Doran, who is admitted to have been one of the members of the firm of Tracy & Doran, executed a bill of sale in the copartnership name, and signed "Tracy & Doran," of everything belonging to said copartnership, to the plaintiffs in this suit, for a consideration named at $600.

November 30, 1885, the defendant, a constable, levied on the goods in question in this cause, under an execution issued on the Woodcock judgment.

December 2, 1885, the plaintiffs commenced this action of replevin for the goods in justice's court, and obtained judgment therein.   On appeal to the circuit court, the plaintiffs again had judgment.   The title of the plaintiffs rested on the bill of sale, and the defendant claimed such bill of sale was fraudulent, as against the creditors of Tracy & Doran.

Upon the trial the plaintiffs gave evidence of the purchase of the goods, and that they were in possession of them under the bill of sale when defendant levied upon them, and rested. The defendant then introduced the record of the proceedings and the files in the suit of Woodcock against Doran & Tracy in justice's court.   It appeared from the docket entries that Doran and George E. Tracy both personally appeared in that suit.   He also showed, by the testimony of George E. Tracy, that said Tracy was a member of the firm of Tracy & Doran or Doran & Tracy, the firm being known in the record by

both names; that he had nothing to do with the sale to Bishop & Olin, and never consented to or acquiesced in it.

Upon the cross-examination of this witness he was shown articles of partnership in writing between N. A. Tracy and Dennis M. Doran, and such articles were offered and admitted in evidence, under objection, for the purpose of showing, upon the part of the plaintiffs, that Doran and George E. Tracy were never partners, and to contradict the witness.

He further testified, on cross-examination, that the words "George E." were erased by Mr. Tinker, who drew the articles, and "N. A." inserted. Did not know whether it was by his direction or not, but admitted that he signed the articles "N. A. Tracy," which was the name of his mother. He testified further that he had been in the habit of signing his mother's name, and a good many times since the death of his father. When he was in business with Doran he represented himself as a partner, and so bought the bark of Woodcock.

Several persons also testified that they always supposed the copartners to be George E. Tracy and Dennis M. Doran, and that said Tracy and Doran so represented to them. Tinker, who drew the articles of copartnership, testified that he drew the paper as it appeared under the direction of Doran and George E. Tracy.

The defendant requested the court to instruct the jury that if they found George E. Tracy to have been the member of the firm, and the bill of sale to have been executed for the purpose of defrauding the creditors of Tracy & Doran, then their verdict must be for the defendant. This the court refused, and charged the jury that George E. Tracy was not a member of the firm, and directed a verdict for the plaintiffs.

I think the court erred in this direction. While the articles of copartnership could not be controverted or varied

by the parties thereto, it was competent for creditors to show that although the articles were put in the name of the mother, N. A. Tracy, yet really she had no interest in the business, and George E. Tracy was the partner, using her name; and that they dealt with the firm under representations that George E. was the partner, and had no knowledge of Mrs. N. A. Tracy as being concerned in the business. The articles of copartnership are not conclusive against the defendant, representing the creditor Woodcock. Both Doran and George E. Tracy admitted they bought this bark as copartners, by appearing and pleading to a summons naming them as such in a suit to recover the purchase price of said bark. Tracy also testified that he received a part of the purchase price from Bishop & Olin after the sale, and that he always represented himself as a partner in the business.

To hold this agreement of copartnership conclusive as to whom the property belonged, would permit parties, by a secret agreement of copartnership, to hold themselves out to the world and to creditors as copartners, and after judgment against them as such for goods sold to them, and used in the business, defeat the collection of their debts by saying "the goods in the business are the property of our wives or our mothers, in whose names we have made and signed the copartnership articles." The question as to the real partners and owners of the business was open to inquiry in this suit.

We find no evidence of any fraud against creditors in the transfer to Bishop & Olin; but the record does not purport to contain the whole of the evidence taken upon the trial, and therefore the judgment must be reversed, and a new trial granted, by which the defendant may be permitted to make such defense, if he can.

The other Justices concurred.